**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

WELLS FARGO BANK, N.A.,

     Plaintiff,

vs.

SATICOY BAY LLC SERIES 3948
APPLECREST, *et al*.,

     Defendants.

2:17-cv-01360-APG-VCF

**REPORT AND RECOMMENDATION**

MOTION TO SEAL (ECF NO. 53); MOTION TO
ENFORCE SETTLEMENT AGREEMENT (ECF NO. 54)

  Before the Court are plaintiff Wells Fargo Bank's ("Wells Fargo") motions to seal and to enforce the settlement agreement between it and defendant Saticoy Bay LLC Series 3948 Applecrest ("Saticoy"). (ECF Nos. 53 and 54). The Court recommends that both motions be granted and the case be dismissed with prejudice.

## I. Background

  The facts regarding the settlement agreement are not in dispute. In an email exchange, Saticoy offered money, "in exchange for a reconveyance of [Wells Fargo]'s deed of trust." Wells Fargo responded that "Wells Fargo accepts this offer" and "in exchange, we will release the DOT - subject to a mutually-agreeable settlement agreement, as we have completed on the similar matters." (ECF Nos. 54 at 3 and 56 at 5). On November 12, 2019, Absolute Collection Services ("ACS") and Wells Fargo also reached an agreement where ACS agreed to pay Wells Fargo a certain amount in settlement of its claims. (ECF No. 54 at 2). The parties filed a joint statement indicating: (1) that the parties reached a global settlement; (2) that Wells Fargo circulated the settlement agreement, (3) that

"ACS's corporate representative has signed the settlement agreement" but that; (4) "counsel for Saticoy indicated that his client did not wish to proceed with the settlement, and would not sign the settlement agreement." (ECF No. 55 at 1-2).

In Wells Fargo's motion to enforce the settlement agreement, it argues that it reached a binding agreement as to the material terms of settlement, reaffirmed those terms with counsel, and that the parties all represented to this Court that a resolution had been reached. (ECF No. 54 at 2). Wells Fargo argues that there has been a meeting of the minds, but Saticoy refuses to fulfill its obligation and sign the settlement agreement. *(Id.* at 2 and 54). Wells Fargo asks the Court to sanction Saticoy. (ECF No. 54 at 6). Saticoy argues in opposition that there is no signed settlement agreement. (ECF No. 56 at 1). Saticoy does not dispute that there was an agreement, but it argues that it did not agree to material terms. (ECF No. 56 at 5).

In Wells Fargo's motion to seal, it argues that it has compelling reasons to, "redact very limited and narrow portions of its Motion, which identify the material and confidential terms of settlement, as well as sealing the Exhibits to the Motion which include details of the parties' settlement discussions." (ECF No. 53 at 2). The defendants did not object to the motion to seal. The Court notes that defendant Saticoy filed its response to Wells Fargo's motion to enforce the settlement agreement under seal without seeking leave to file under seal.

## II. Discussion

### a. Motion to Enforce Settlement

"[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (*quoting Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C.Cir.1969)). "A settlement agreement is binding when the parties have a meeting of the minds as to all essential terms to resolve the case. … A settlement agreement need not be memorialized by a signed release to be enforceable."  *Peyman v. Rayan*, No. 2:09-CV-01384-KJD, 2011 WL 4527932, at 1

1    (D. Nev. Sept. 28, 2011) (*citing May v. Anderson,* 121 Nev. 668, 119 P.3d 1254, 1258-59 (Nev. 2005)).

2    "Nevada law presumes that an attorney has authority to settle his client's claim." *G & G Closed Circuit*

3    *Events, LLC v. Schoen*, No. 2:12-CV-1424 JCM NJK, 2013 WL 6076198, at 3 n.1 (D. Nev. Nov. 18,

4    2013). A contract can be enforceable, "even though the contract's exact language is not finalized until

5    later." *First 100, LLC v. Omni Financial, LLC*, Case Nos. 2:16-cv-00099-RFB-CWH, 2:16-cv-00109-

6    RFB-CWH, 2016 WL 2980673, 11 (D. Nev. May 23, 2016), quoting *May v. Anderson*, 121 Nev. 668,

7    672, 119 P.3d 1254, 1257 (2005). "Every contract imposes upon the contracting parties the duty of

8    good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods.*, 109 Nev. 1043, 1044, 862 P.2d

9    1207, 1208 (1993); citing to *A.C. Shaw Constr. v. Washoe Cty.*, 105 Nev. 913, 913, 784 P.2d 9, 9

10   (1989)("[A]n implied covenant of good faith and fair dealing exists in all contracts.")

11       Despite Saticoy's refusal to sign the agreement, the parties entered into a binding settlement

12   agreement in this case. The parties represented to this Court that they reached a settlement in this case.

13   (ECF No. 51). Wells Fargo told Saticoy that the terms would be like the agreements they made in the

14   past. Saticoy's counsel told Wells Fargo that the case is settled. Saticoy did not argue its counsel did not

15   have authority to settle the case on its behalf or that its counsel was mistaken regarding this case's

16   settlement. Saticoy also did not proffer any evidence that it attempted to negotiate any material terms,

17   disagreed with any terms in the draft settlement, or that Wells Fargo refused to negotiate any material

18   terms. Saticoy merely refused to sign the settlement agreement because it no longer wished to settle the

19   case. The Court finds that in refusing to sign the agreement, Saticoy acted in bad faith. The parties had a

20   meeting of the minds as to the essential terms of the settlement agreement. The Court should grant Wells

21   Fargo's motion to enforce the settlement agreement and dismiss the case with prejudice. Although the

22   Court finds that Saticoy acted in bad faith, it declines to issue sanctions at this time.

23       **b.  Motion to Seal**

24       There is a strong presumption of public access to judicial records. See *Kamakana v. City &*

25   *County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331

F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; see also *Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

Requests to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. E.g., *Ervine v. Warden*, 216 F.Supp.3d 917, 919 (E.D.Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986). If confidential information can be redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than seal entire documents. *Foltz*, 331 F.3d at 1137.

Wells Fargo's motion to enforce is dispositive because it seeks to enforce the parties' settlement agreement and asks the Court to dismiss the case prejudice. Wells Fargo has articulated compelling reasons to narrowly redact portions of its motion and seal the motion's exhibits. Wells Fargo states that both it and Saticoy have a business interest in maintaining the confidentiality of settlement discussions and settlement amounts. If Saticoy had not acted in bad faith and signed the settlement agreement, then the settlement amounts and negotiations would have remained confidential. Because the redactions are minimal and limited only to redacting settlement amounts and settlement negotiations, the Court believes that the meaningful information in the motion and response will be available to the public.

Wells Fargo's exhibits will remain sealed. Wells Fargo states that it only wishes to redact the portions of its motion to seal that pertain to the settlement discussions and amounts, but the Court notes that Wells Fargo has not yet file a redacted version on the public record. Saticoy also filed its response under seal without seeking leave to do so or filing a redacted version. The Court orders both parties to

file redacted versions of (1) the motion to enforce the settlement agreement (ECF No. 54) and (2) Saticoy's response (ECF No. 56) on the public docket within seven days. The redactions must be limited to the settlement amounts and details of the settlement negotiations. Since it appears the parties do not disagree regarding the need for redactions, the parties should work together, and share the redacted versions with each other prior to filing if necessary, to ensure that the correct information is redacted.

Accordingly,

IT IS HEREBY RECOMMENDED that plaintiff Wells Fargo's motion to enforce the settlement agreement (ECF No. 54) be GRANTED.

IT IS FURTHER RECOMMENDED that the case be DISMISSED WITH PREJUDICE.

IT IS ORDERED that Wells Fargo's motion to seal (ECF No. 53) is GRANTED. Wells Fargo's motion to enforce the settlement agreement along with all exhibits attached to the motion (ECF Nos. 54 and 54-1 through 54-7), and Saticoy's response (ECF No. 56), will remain SEALED. The parties are directed to file redacted copies of the motion to enforce the settlement agreement and the response (ECF Nos. 54 and 56), consistent with this Court's order, on the public docket by Thursday, April 30, 2020.

DATED this 23rd day of April 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE